# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | | |
|---|---|---|---|
| LISA STRAIGHT-DESTEFANO, | ) | | |
| | ) | | |
| Movant, | ) | | |
| | ) | | |
| vs. | ) | Case No. | 6:15-cv-03469-MDH |
| | ) | | 6:11-cr-03061-MDH-1 |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## ORDER

Before the Court is Movant's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). Movant asserts one ground for relief alleging the Government engaged in prosecutorial misconduct by intentionally breaching the terms of her plea agreement. After full and careful consideration, the Court hereby **DENIES** Movant's request for relief.[1]

## I. BACKGROUND

On July 21, 2011, a grand jury sitting in the Western District of Missouri returned a 59-count indictment against Lisa Straight-Destefano charging her with conspiracy to defraud the United States in violation of 18 U.S.C. § 371, bank fraud in violation of 18 U.S.C. § 1344, counterfeit check possession, making or uttering, in violation of 18 U.S.C. § 513(a), and aggravated identity theft in violation of 18 U.S.C. § 1028A. On December 20, 2011, Straight-Destefano entered into a plea agreement with the United States wherein she agreed to plead guilty to Counts One, Two, and Forty-Four of the Indictment. In exchange, the Government agreed to dismiss all remaining counts of the Indictment and to forego additional charges against Straight-Destefano arising out of the same conduct.

---

[1] The files and records in this case conclusively establish that Movant is not entitled to relief, *see* 28 U.S.C. § 2255(b), and therefore an evidentiary hearing on Movant's claim is not warranted. *See generally United States v. Sellner*, 773 F.3d 927, 929-30 (8th Cir. 2014).

1

Within the plea agreement, the parties further made stipulations with respect to the application of the Sentencing Guidelines. As relevant here, the parties agreed to a four-level enhancement under Section 2B1.1(b)(2)(B) "because the offense involved 50 or more victims." The plea agreement acknowledged "[t]he Sentencing Guidelines do not bind the Court and are advisory in nature" and "the estimate of the parties with respect to the Guidelines computation set forth in the subsections of this paragraph does <u>not</u> bind the Court or the United States Probation Office with respect to the appropriate Guidelines levels."

Prior to Straight-Destefano's sentencing, the United States Probation Office prepared a Presentence Investigation Report which calculated Straight-Destefano's offense level and criminal history category under the Sentencing Guidelines. The Probation Officer recommended a six-level enhancement under Section 2B1.1(b)(2)(C) "because the offense involved more than 250 victims." The Probation Officer explicitly discussed the impact of the parties' plea agreement and acknowledged that "the plea agreement notes a four-level increase under Section 2B1.1(b)(2)(B)" but "[t]his officer applied a six-level enhancement pursuant to 2B1.1(b)(2)(C), because the offense involved more than 250 victims." The record reflects that neither party objected to that portion of the Presentence Investigation report either before, during, or after sentencing.

At sentencing, the Court adopted the Probation Officer's calculation of the Sentencing Guidelines and found the appropriate guidelines range was 110 to 137 months on Counts One and Two plus 24 consecutive months on Count Forty-Four. The Court granted the Government's motion for downward departure and found a fifty percent reduction was appropriate based on cooperation. The Court ultimately sentenced Straight-Destefano to 67 months of imprisonment, which was the sentence requested by Straight-Destefano. The Judgement and Commitment

2

Order was entered on February 28, 2013 reflecting the same. Neither party appealed the sentence.

Two years later, on March 2, 2015, Straight-Destefano filed a pro se motion seeking to amend/correct the judgment pursuant to Rule 36 based on "clerical error." In her motion, Straight-Destefano alleged the Probation Officer made a clerical error in the Presentence Investigation Report with respect to the appropriate sentencing enhancement under Section 2B1.1(b)(2). The Government responded as follows:

> This is not a clerical mistake that Rule 36 was designed to correct. The PSR intentionally, not mistakenly, found that the criminal actions to which the defendant pled guilty involved more than 250 victims. While the plea agreement stated that the parties stipulated to a lesser number of victims, the parties also agreed in the plea agreement that neither the Court, nor the probation office, was bound by the stipulation. Therefore, "there is no scrivener's mistake here" which requires the defendant relief under Rule 36, and thus this Court should deny the defendant's motion.

Doc. 330, at 3. The Court denied Straight-Destefano's pro se motion for the reasons stated by the Government and explained "[t]he Probation Office's explicit disagreement with the parties' calculation of victims for sentencing purposes does not constitute a 'scrivener's mistake' that warrants relief under Rule 36."

Straight-Destefano now moves to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 arguing the Government engaged in prosecutorial misconduct. Movant alleges the Government engaged in prosecutorial misconduct and breached the parties' plea agreement when it "stipulated to a 4-level enhancement in the plea agreement [and then] provided the Probation Officer with evidence to support a 6-level enhancement at sentencing." Movant argues the one-year statute of limitations does not bar her motion because her motion "is based on a new fact that was discovered on March 4, 2015." Movant states "[o]n March 4, 2015, in a Rule proceedings, the government stated that the 6-level enhancement was not error but it was

3

his intention" and "[t]his breach was the government's intention as stated in doc. 330" and "[t]he government's conduct was improper in his own words." The Government argues: (1) Movant's motion should be dismissed as untimely, (2) Movant was the beneficiary of a favorable plea negotiation, not the victim of alleged prosecutorial misconduct, and (3) Movant's sentence does not exceed the statutory maximum and a guidelines misapplication claim is not cognizable in a 2255 proceeding.

## II. STANDARD

A prisoner may move to vacate, set aside, or correct a sentence alleging "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). A one-year statute of limitations applies to motions brought under Section 2255 and the limitations period runs from the later of the date the judgment of conviction becomes final or, as relevant here, the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. *See id.* at § 2255(f).

"As a general rule, 'prosecutorial misconduct does not merit federal habeas relief unless the misconduct infected the trial with enough unfairness to render [a] petitioner's conviction a denial of due process.'" *Stringer v. Hedgepeth*, 280 F.3d 826, 829 (8th Cir. 2002) (quoting *Louisell v. Dir. of Iowa Dept. of Corr.*, 178 F.3d 1019, 1023 (8th Cir. 1999)). Regarding prosecutorial misconduct, the Eighth Circuit has stated the following:

> A two-part test determines whether prosecutorial misconduct has occurred: first, the prosecutor's conduct or remarks must have been improper, and second, the remarks or conduct must have prejudicially affected the defendant's substantial rights by depriving the defendant of a fair trial. Even if one or more of the comments was improper, reversal is appropriate only when we determine that the jury verdict reasonably could have been affected by the improper comment. Thus,

4

if Graves cannot show the comments deprived him of a fair trial, we need not decide whether they were improper. We have looked to three factors to determine whether prosecutorial misconduct deprived the defendant of a fair trial. First, we consider the cumulative effect of the misconduct. Second, we examine the strength of the properly admitted evidence of the defendant's guilt. Last, we review the curative actions taken by the district court.

*Graves v. Ault*, 614 F.3d 501, 507-08 (8th Cir. 2010) (internal citations and quotations omitted).

### III. ANALYSIS

In the present case, Movant's claim is barred by the statute of limitations provided in 28 U.S.C. § 2255(f). Movant was aware prior to her sentencing that the Probation Officer's calculation of the guidelines included a six-level enhancement, rather than a four-level enhancement, under Section 2B1.1(b)(2). Movant did not object to that enhancement before, during, or after her sentencing. Movant did not argue the Government breached the parties' plea agreement either before, during, or after her sentencing. Movant did not appeal her sentence or bring a 2255 motion within one year arguing such an enhancement was improper or illegal. The fact that the Government stated two years later – in response to Movant's pro motion alleging the Probation Officer committed a clerical mistake – that "[t]he PSR intentionally, not mistakenly, found that the criminal actions to which the defendant pled guilty involved more than 250 victims" in no way admits any wrongdoing, intentional or otherwise, on the part of the Government. The Government's statement conveys only that the Probation Officer who drafted the Presentence Investigation Report, and not the Government, included the six-level enhancement intentionally. Movant isolates and misreads the Government's statement in an attempt to bring her expired claim within the applicable statute of limitations.

Moreover, the record here warrants no relief under Section 2255. Movant acknowledged in her plea agreement that "[t]he Sentencing Guidelines do not bind the Court and are advisory in nature" and "the estimate of the parties with respect to the Guidelines computation set forth in

5

the subsections of this paragraph does <u>not</u> bind the Court or the United States Probation Office with respect to the appropriate Guidelines levels." The record shows the Court was aware of the parties' stipulated guidelines calculation and instead adopted the Probation Officer's calculation, including the six-level enhancement rather than parties' suggested four-level enhancement. The Court granted a significant downward departure and imposed a sentence far below the guidelines range, as requested by both parties, and imposed the exact sentence requested by Movant. This record certainly does not show any prosecutorial misconduct let alone prosecutorial misconduct so egregious to affect Movant's substantial rights and result in the denial of due process.

## IV.  DECISION

The files and records conclusively establish that Movant's claim does not warrant relief under 28 U.S.C. § 2255.  Accordingly, the Court hereby **DENIES** Movant's § 2255 motion (Doc. 1).

## V.  CERTIFICATE OF APPEALABILITY

The Court finds Movant failed to make a substantial showing of the denial of a constitutional right as is required for issuance of a certificate of appealability.  28 U.S.C. § 2253(c)(2); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) ("A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings.").  Therefore, the Court shall not issue a certificate of appealability as to the claims raised in Movant's § 2255 motion.

**IT IS SO ORDERED**.

Dated: April 7, 2016

        */s/ Douglas Harpool*                       
        **DOUGLAS HARPOOL**
        **UNITED STATES DISTRICT JUDGE**

Case 6:11-cr-03061-MDH   Document 344   Filed 04/07/16   Page 6 of 6